**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> RONALD JOSEPH FOURHORNS, <br><br> Defendant/Movant. | CR 14-52-GF-BMM <br><br> **ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY** |

This matter comes before the Court on Defendant/Movant Fourhorns' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Fourhorns filed an amended motion on April 19, 2017. The United States has filed an answer and Fourhorns has filed a reply.

## I. Background

Fourhorns faced trial on one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1); one count of theft in violation of 18 U.S.C. § 661 (Count 2); and one count of conspiracy to commit witness tampering and one count of witness tampering in violation of 18 U.S.C. §§ 1512(b)(3) and (k) (Count 3 and 4). *See*

1

Superseding Indictment (Doc. 11) at 2-4. Assistant Federal Defender Hank Branom represented Fourhorns. *See* Order (Doc. 5).

Bench trial was scheduled to begin at 9:00 a.m. on November 3, 2014. It was delayed because the parties reached a plea agreement. The United States filed an offer of proof at 11:09 a.m. (Doc. 38). The Court convened a change of plea hearing at 11:32 a.m. In exchange for dismissal of Counts 2, 3, and 4, Fourhorns pled guilty to Count 1. The parties agreed that a sentence of 210 months represented the appropriate disposition of the case. *See* Plea Agreement (Doc. 40) at 2-3 ¶¶ 2-4; Fed. R. Crim. P. 11(c)(1)(C); Minutes (Doc. 39).

The United States Probation Office prepared a presentence report. The advisory guideline range was 168 to 210 months. At sentencing, Fourhorns stated that he thought the advisory guideline range would be "210 to 260-something" and decided to plead guilty to obtain a sentence at the low end of the range. *See* Sentencing Tr. (Doc. 51) at 7:12-18. He explained, "I know whatever I say you're going to give me the 210, but I just wanted to point that out." *Id*. at 7:18-19.

The Court accepted the plea agreement and sentenced Fourhorns to serve 210 months in prison, to be followed by a three-year term of supervised release. *See id*. at 4:18-19, 11:18-23; Judgment (Doc. 44) at 2-3; Minutes (Doc. 43). Fourhorns appealed.

The Ninth Circuit dismissed the appeal as waived by the plea agreement.

*See* Mem. (Doc. 52) at 2, *United States v. Fourhorns*, No. 15-30021 (9th Cir. Sept. 18, 2015). Fourhorns' conviction became final on December 17, 2015. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); S. Ct. R. 13(1), (3). He had at least one year from that date—that is, until December 17, 2016—to file a motion under 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2255(f)(1).

Assistant Federal Defender David Ness represented Fourhorns. Fourhorns filed a timely § 2255 motion on June 22, 2016, in which he alleged that the Court wrongly designated him as a career offender under the United States Sentencing Guidelines. *See* Mot. § 2255 (Doc. 54). The Court stayed consideration of the § 2255 motion pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (U.S. cert. granted June 27, 2016). *See* Text Order (Doc. 56).

Fourhorns, acting *pro se*, filed a timely supplement on September 2, 2016. Fourhorns repeated the claim in the original § 2255 motion and added several claims of ineffective assistance of counsel. *See* Supp. § 2255 Mot. (Doc. 57). Ness withdrew due to a conflict of interest. Attorney Daniel V. Donovan filed an amended motion after the *Beckles* stay had been terminated.

## II. Claims and Analysis

The United States asserts the amended motion faces time-bars and procedurally bars. The Court nevertheless deems it more efficient to address the claims on their merits. *See, e.g.*, *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)

(noting that judicial economy may counsel giving constitutional issue priority over procedural issue).

Fourhorns alleges, in part, that his counsel provided ineffective assistance of counsel. At this stage of the proceeding, to support a claim of ineffective assistance of counsel, Fourhorns must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Fourhorns must at least allege "facts that point to a real possibility of constitutional error" to warrant further proceedings. *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970), *quoted in Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, C.J., concurring).

**A. Competence at Time of Trial**

Fourhorns claims that his schizophrenia rendered him incompetent to plead guilty. *See* Am. § 2255 Mot. (Doc. 63) at 5-11, 13-14 ¶ 9(a); *see also* Reply (Doc. 68) at 4-5 ¶¶ 9-11 & Ex. 1 (Doc. 68-1) at 1.

A postconviction claim of incompetency generally may allege two types of claims. The claim may allege either that evidence known to the Court at the time

4

of the plea colloquy should have triggered a more searching inquiry of the defendant's competence, or it may allege that, despite having appeared competent, the defendant was incompetent in fact at the time that he entered his guilty plea. As to the first type of claim, the United States bears the burden of proving that the defendant was competent at the time of his plea. As to the second, the defendant bears the burden of proving, by a preponderance of the evidence, that he was not competent. *See, e.g.*, *James v. Singletary*, 957 F.2d 1562, 1570-72 (11th Cir. 1992). At this stage of the proceedings, however, Fourhorns need only allege facts that, if true, would support an inference that further inquiry was required, or that he was in fact incompetent.

The Court asked Fourhorns at the change of plea hearing whether he ever had been treated for mental illness. Fourhorns responded that he had. Fourhorns explained that, "I hear voices and see things." Change of Plea Tr. (Doc. 50) at 6:20-7:3.

The Court followed up by asking Fourhorns whether he was taking medication for these symptoms. Fourhorns replied that he had taken Haldol, Artane, and Wellbutrin "[o]ff and on since 2005." Fourhorns stated he was not then taking any of these drugs at the time of the hearing. Fourhorns claimed nonetheless that he was able to understand what he was doing. *See id*. at 7:4-23.

Fourhorns also said stated that he was taking Paxil for depression and

Remeron, an antipsychotic, and neither of them affected his ability to understand what he was doing at the hearing. *See id.* at 9:5-10:19. The Court observed Fourhorns's behavior and ability to respond to questions throughout the hearing. His responses demonstrated that he possessed a reasonable degree of rational understanding of the purpose of the hearing, and that he also understood the facts of the case. *See, e.g.*, *id*. at 16:1-9, 16:20-17:2, 27:5-22. The Court determined that Fourhorns was competent to enter a guilty plea. *See id.* at 28:13-16; *see also Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam).

The Court's colloquy with Fourhorns at the change of plea hearing proved adequate to ensure that no further inquiry was required. *See, e.g.*, *Godinez v. Moran*, 509 U.S. 389, 402 n.13 (1998); *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *Pate v. Robinson*, 383 U.S. 375, 385 (1966). Nothing that occurred at the change of plea hearing, or at the sentencing hearing, raised a bona fide doubt as to Fourhorns's competence. *Compare, e.g.*, *Maxwell v. Roe*, 606 F.3d 561, 565-67 (9th Cir. 2010); *Odle v. Woodford*, 238 F.3d 1084, 1087-89 (9th Cir. 2001) (pointing to "significant doubt about Odle's competence" raised by history, expert testimony, and jail records). The record fails to support an inference that required the Court to inquire further as to Fourhorn's competency.

Fourhorns also fails to describe any condition or symptoms that he experienced at the time of the change of plea hearing, but failed to mention to the

6

Court.  Fourhorns does not allege that any symptoms interfered with his ability to make rational decisions.  Fourhorns does not claim to have new or additional evidence, that was not known to the Court at the change of plea hearing, and that also supports an inference that he lacked a reasonable degree of understanding of the proceedings or the facts of his case.

Fourhorns has attached as an exhibit a Bureau of Prisons Health Services Clinical Encounter.  *See* Reply Ex. 1 (Doc. 68-1) at 1.  The document, from 2013, describes Fourhorn's complaints to a BOP physician regarding mental health issues.  The document supports an inference that it would have been reasonable to conduct further investigation of Fourhorn's mental health.  The document, on its own, fails to support an inference that Fourhorns was incompetent or that it was unreasonable for counsel or the Court to have failed to inquire further before Fourhorns entered his guilty plea.

This claim is denied in its entirety.

**B.  Voluntariness and Intelligence of Guilty Plea**

Fourhorns avers that counsel gained nothing by the plea agreement yet bound him to a high-end guideline sentence.  He also contends that counsel did not explain adequately the plea agreement or the agreed-upon sentence.  *See id.* at 13-15 ¶ 9(b)-(d), (f), (h)-(k).  He seems to suggest counsel failed to tell him of two previous plea offers.  *See id*. at 14 ¶ 9(g).

### 1. Counsel's Advice to Accept Plea Agreement

Fourhorns asserts he might have received a lesser sentence if he had pled guilty to all four charges of the Superseding Indictment without a plea agreement. He might have. Fourhorn's allegations fail to support an inference that counsel provided unreasonable advice in recommending that Fourhorns accept the plea agreement.

At the time Fourhorns had to make his decision, the parties had no way of knowing whether the Court would reduce Fourhorn's offense level by two to recognize his acceptance of responsibility under U.S.S.G. § 3E1.1. "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3 (Nov. 1, 2014); *see also Stinson v. United States*, 508 U.S. 36, 38 (1994). The two witness-tampering charges, Counts 3 and 4, posed a significant problem for Fourhorns regarding any claim of acceptance of responsibility:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

*Id.* cmt. n.4.

Without credit for acceptance of responsibility, Fourhorns's advisory guideline range would have been the same as if he had been convicted on any

8

count at trial: 210 to 262 months. Fourhorns fails to identify anything that was likely to make his case appear sufficiently "extraordinary" to warrant adjustments under both § 3C1.1 and § 3E1.1. Witness tampering "ordinarily" indicates that a defendant should not receive credit for acceptance of responsibility. The parties' agreement to a sentence of 210 months proved as likely to avoid a sentence greater than 210 months as it was to foreclose a sentence less than 210 months. And, if the Court had rejected the plea agreement based on §§ 3C1.1 and 3E1.1, or any other ground, Fourhorns still possessed the option of withdrawing his guilty plea and standing trial. An open plea would have extinguished that option.

Fourhorns alleges that counsel provided ineffective assistance of counsel. He alleges further that counsel "failed to challenge Mr. Fourhorns' status as a career offender." Am. § 2255 Mot. at 38 ¶ 1; *see also id*. at 14 ¶ 9(e). He fails to allege facts, however, supporting an inference that a reasonable probability existed that Fourhorns would not have been designated a career offender at sentencing. *See id*., *passim.*; *see also* Reply (Doc. 68) at 5 ¶ 12 (citing Mot. § 2255 (Doc. 57) at 4).

Fourhorns alleges that he entered a guilty plea because he believed that he would receive a more favorable sentence. *See* Am. § 2255 Mot. at 14 ¶ 9(f), (j). It seems reasonably likely that he did. Counsel's advice to accept the terms of the plea agreement does not prove unreasonable under the circumstances. Fourhorns

9

has failed to meet the first prong of the *Strickland* test. This portion of Fourhorns' claim is denied. *See* Am. § 2255 Mot. at 14 ¶ 9(e), (f), (j), 15 ¶ 9(k), 38 ¶ 1.

### 2. Fourhorns' Understanding of the Plea Agreement

Fourhorns claims he did not understand the plea agreement. He suggests that he "believed he would be sentenced based on a sentencing range recommended by the Sentencing Guidelines." Am. § 2255 Mot. at 13 ¶ 9(d). The Court imposed a sentence recommended by the Sentencing Guidelines.

Fourhorns also claims he did not understand fully what he was doing due to his limited education and the last-minute nature of the decision. He further contends the he did not fully appreciate that he was waiving his rights to challenge his career offender designation, to pursue an appeal, and to seek collateral relief under § 2255 (excepting ineffective assistance claims).

At the change of plea hearing, the Court said:

> So, Mr. Fourhorns, I want to emphasize to you, standing here today, I don't know, and you don't know, and Mr. Branom doesn't know exactly where you will fall on this sentencing chart in terms of a recommended sentencing range until the probation office completes the Presentence Report and determines specifically your total adjusted offense level, and determines your criminal history category. The best we can do is make an educated guess of where you might fall on the chart. Do you understand that?

Fourhorns responded, "Yes." Change of Plea Tr. (Doc. 50) at 23:10-19.

Fourhorns understood that the plea agreement provided that " 'a specific

disposition of 210 months of incarceration on Count I in the Superseding Indictment is appropriate in this case.' " Fourhorns agreed that 210 months represented an appropriate sentence. *Id.* at 14:1-7. The Court informed Fourhorns that he would be giving up both his right to appeal and his right to pursue collateral relief if he entered a guilty plea. *See id.* at 14:8-15:1. Fourhorns acknowledged that he understood the terms of the plea agreement.

The plea agreement specifically provided that Fourhorns understood "that if the agreement is accepted by the Court he will not have an automatic right to withdraw his plea." Plea Agreement (Doc. 40) at 3 ¶ 3 para. 2. Fourhorns agreed that 210 months represented an appropriate sentence. Fourhorns acknowledged that he would not be able to withdraw his plea if the Court accepted the agreement. Little remained for Fourhorns to misunderstand. Perhaps for that reason, nothing requires a court to explain the terms of a binding plea agreement more specifically than the terms of a non-binding plea agreement. *See* Fed. R. Crim. P. 11(b)(1), (c)(3)(A).

In sum, the record of the case contradicts Fourhorns's various claims that he did not understand the plea agreement. He fails to identify any fact, known to him but not known to the Court at the plea hearing, that made his statements on the record a product of "misunderstanding, duress, or misrepresentation by others." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). He simply asks the Court to accept

his belated assertion that he did not understand despite his statements in open court acknowledging his understanding. To accept that proposition would bring an end to guilty pleas.

Fourhorns's claims that he did not knowingly, voluntarily, and intelligently plead guilty are denied. *See* Am. § 2255 Mot. at 13-14 ¶ 9(b)-(d), (h), (i).

### 3. United States' Previous Plea Offers

Fourhorns alleges finally that counsel told him that 210 months represented "the best plea deal offer" that the United States was willing to make. Fourhorns claims that counsel told him after the hearing, however, that "they offered me 15 years & 10 years." Mot. § 2255 (Doc. 57) at 4, *cited in* Am. § 2255 Mot. at 14 ¶ 9(g).

This bare allegation fails to support an inference that counsel failed to relay two plea offers to Fourhorns. "[O]nly moments away from a trial," Am. § 2255 Mot. at 13 ¶ 9(c) (quoting Presentence Report ¶ 104), the United States offered a plea agreement binding the parties and the Court to a sentence of 210 months. This fact supports an inference that the United States firmly believed that it would convict Fourhorns and punish him as a career offender. Fourhorns alleges no fact to support a contrary inference. He describes no relevant terms of a prior proposed agreement. He fails to allege that he would have accepted ten or 15 years regardless of what other terms might apply. The facts that he alleges do not even

suggest the United States actually made a definite offer, as opposed to merely expressing a willingness to discuss an agreement. *See Missouri v. Frye*, 566 U.S. 134, 148-49 (2012).

Fourhorns's allegations do not support an inference that he was deprived of an opportunity to accept a viable, earlier, and more favorable offer. Fourhorns has failed to meet either prong of the *Strickland* test. This claim is denied.

### C. Career Offender Status under the Sentencing Guidelines

Fourhorns argues that the Court erroneously designated him as a career offender. *See* Am. § 2255 Mot. at 15-37. Fourhorns agreed that 210 months represented an appropriate sentence. He has failed to allege facts sufficient to support an inference that his agreement had been involuntary. The Court need not decide whether he qualified as a career offender.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Fourhorns claims that he was incompetent, that he did not enter a knowing and voluntary guilty plea, that he received ineffective assistance of counsel, and that he did not qualify as a career offender. Fourhorns's allegations prove sufficient to warrant further proceedings. Fourhorns points to medical records not presented to the Court to suggest that he lacked competency to proceed during the course of the criminal proceedings. Regarding the voluntary nature of his guilty plea, again, Fourhorns alleges that counsel's advice to agree to what turned out to be the high end of the applicable guideline range proved unreasonable. Fourhorns further represents that his counsel made a comment after the sentencing hearing about previous offers from the government of ten or 15 years. These allegations warrant review.

Fourhorns has not made a substantial showing that he was deprived of a constitutional right, but he has raised inferences that support further review. *See* 28 U.S.C. § 2253(c)(2). A COA is warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Fourhorns's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 57, 63, 68) is DENIED.

2. A certificate of appealability is GRANTED. The Clerk of Court shall

immediately process the appeal if Fourhorns files a Notice of Appeal.

    3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-72-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Fourhorns.

    DATED this 6th day of March, 2018.

*Brian Morris*
Brian Morris
United States District Court Judge